450 P.2d 693

**NORTHERN INSURANCE COMPANY OF NEW YORK, a corporation, Petitioner,**

v.

**The SUPERIOR COURT OF PIMA COUNTY; the Honorable Richard N. Roylston, Judge of the Pima County Superior Court; Travelers Indemnity Company, a corporation; and Roger Lindus, a minor child, by and through his Guardian ad Litem, Robert S. Tullar, Respondents.**

No. 9411.

Supreme Court of Arizona.

In Banc.

Feb. 19, 1969.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Robert G. Beshears, Phoenix, for petitioner.

Kramer, Roche, Burch, Streich & Cracchiolo, by Daniel Cracchiolo and B. Michael Dann, Phoenix, for respondents The Superior Court of Pima County, The Honorable Richard N. Roylston, Judge of the Pima County Superior Court, and Travelers Indemnity Co.

Fennemore, Craig, von Ammon, McClennen & Udall, by Calvin H. Udall and Richard A. Miller, Phoenix, for respondent, Lindus.

LOCKWOOD, Vice Chief Justice:

Roger Lindus recovered judgment for personal injuries against one Nelson in the amount of $92,500. Nelson was an insured under a comprehensive homeowners insurance policy issued by Northern Insurance Company of New York, hereinafter referred to as Northern, and under a policy of family automobile insurance issued by Travelers Indemnity Company, hereinafter referred to as Travelers.

Lindus brought a declaratory judgment suit against the two insurance companies to establish their indebtedness to him as a judgment creditor of Nelson, and for judgment against them in the amount of his judgment recovered against Nelson. Both

insurance companies defended the action, denying liability under their respective policies. Travelers also alleged in its Amended Answer that, in any event, one of the conditions of its policy of insurance was that "the insurance with respect to a * * non-owned automobile shall be excess insurance over any other valid and collectible insurance." (The automobile involved here was non-owned.)

The trial judge made findings of fact regarding the occurrence of the accident, and the manner in which the plaintiff sustained "serious and substantial" personal injuries. The findings included a statement that there were in full force and effect insurance policies issued by Northern and by Travelers, and further recited the facts concerning the suit by Lindus against Nelson, including the recovery of judgment against Nelson in the amount of $92,500. The judge specifically found, however, that "if there was coverage for the liability of the insured under either the Northern or the Travelers' policy, in each instance the respective insurance company was prejudiced by failure to give notice of the occurrence in question as soon as practicable." In a written "Memorandum Opinion and Order Directing Preparation of Judgments" the trial judge based his decision on failure of the insured to give the insurance companies the notices required in their respective policies. The judge stated specifically that he did "not feel it necessary to determine whether there was or was not coverage under the particular policies." The two conclusions of law were to the effect that Lindus could not recover against either company by reason of failure of notice described in the findings of fact.

Nowhere in the findings, or in the judgment for the two insurance companies, was there any indication that the court had adjudicated or considered the issue raised in Travelers' Amended Answer that its policy was an "excess policy". Apparently the court felt its decision on the question of lack of notice made it unnecessary to examine any defense based on coverage under the policy. Nor was this point an issue in the appeal, since the appeal was from the judgment entered.

The Court of Appeals heard the appeal, and upheld the trial court's ruling. Thereafter this Court granted a petition for review. We held that the insurance companies were not relieved of their contractual liability because of the insured's failure to give notice, unless it was shown that the insurance companies were prejudiced thereby, and that Northern and Travelers had failed to show such prejudice. Lindus v. Northern Ins. Co. of New York, 103 Ariz. 160, 438 P.2d 311 (1968). We held that both Northern and Travelers were liable under their policies, and reversed the judgment of the trial court.

For the first time, in a motion for rehearing, Travelers called to the attention of this Court the condition in its policy providing as to a non-owned automobile, that it was only excess insurance over any other valid and collectible insurance. Travelers urged that this Court modify its decision by directing that the judgment to be entered by the trial court provide in effect that collection of the judgment be first from Northern, and that in case the plaintiff was unable to collect from Northern, that the judgment then be collectible from Travelers. Since this issue had not been passed on by the trial court or brought before us on appeal, we denied the motion for rehearing without comment.

Lindus thereafter presented to the trial court a proposed form of judgment against Northern and Travelers jointly for the full amount of the $92,500 damages awarded him in his suit against Nelson, together with interest and costs. Travelers objected to Lindus' form of judgment and presented to the trial court a proposed form of judgment providing that the plaintiff Lindus have judgment for the full amount of $92,500 together with interest and costs against Northern, and further providing that Lindus have judgment against Travelers for the amount of the judgment against Northern which Lindus was unable to col-

lect from Northern. (Northern's policy limit was $100,000.) The trial judge ruled in favor of Travelers, and indicated that he would sign the proposed form of judgment submitted by it. Northern then filed its petition for a writ of prohibition to prohibit the trial court from signing the Travelers' form of judgment, and we issued an alternative writ of prohibition.

Northern in support of its application for the writ of prohibition, claims that the Superior Court is without jurisdiction to sign the form of judgment proposed by Travelers because to enter such a judgment would be to decide a question between Travelers and Northern although these two are not adversaries in Civil Cause No. 79194 (the action instituted by Lindus against Travelers and Northern.)

Respondent Lindus answered the petition for prohibition alleging that he had no interest or desire to participate in the matter of any dispute apparently existing between Northern and Travelers as to which of them might be primarily liable under the terms of the two insurance policies. Travelers pointed out that the matter of excess coverage was a part of its defense against Lindus in his action against the insurance companies, since it affects the kind of coverage for which Travelers would be liable to Lindus. Therefore, Northern has no standing to question the Superior Court's action on the objections to the form of judgment presented by Lindus.

It is apparently the position of Northern, that our decision in Lindus, *supra*, constitutes the "law of the case", and, therefore, the Superior Court has no jurisdiction to enter judgment contrary to the judgment which was directed by us. The mandate in that case was "that the opinion of the Court of Appeals, Division II is vacated and the judgment of the trial court is reversed." The basis of this decision as reflected in our opinion was that the insurance companies had failed to show actual prejudice, contrary to the holding of the original trial judge, and therefore they could not escape liability on

their policies for that reason, that being the only real issue decided by the trial court and by this Court.

■ Since the particular issue of "excess coverage" was not decided by either the trial court or the Court of Appeals, our decision in Lindus, *supra*, does not deprive the trial court of jurisdiction to determine this question. Harbel Oil Company v. Superior Court of Maricopa County, 86 Ariz. 303, 345 P.2d 427 (1959).

■ In urging the trial court to adopt its form of judgment because of its provision on "excess coverage", Travelers raised no question of fact, merely a question of law as to the meaning of such a provision. We recently passed upon the effect of an "excess coverage" provision in Dairyland Mutual Insurance Company v. Anderson, 102 Ariz. 515, 433 P.2d 963 (1967). See also Universal Underwriters Insurance Company v. Dairyland Mutual Insurance Company, 102 Ariz. 518, 433 P.2d 966 (1967).

In Dairyland, *supra*, two insurance companies had written automobile liability policies which covered the accident involved. One policy provided for other insurance in a pro rata clause; the other policy contained an identical clause but with the added proviso that, where the insured is using a non-owned vehicle, its coverage is excess over any other available insurance. In this situation we held that the excess insurance clause must be given effect, and that in a case involving a non-owned vehicle, the other policy must first be exhausted. Travelers claims that in the instant case it is in the same situation with regard to the "excess coverage" clause.

The matter not having been adjudicated by either the Superior Court or this Court in the original case, the Superior Court has jurisdiction to determine this issue, and a writ of prohibition does not lie. Alternative writ of prohibition heretofore issued is quashed.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.