455 P.2d 277

**PACIFIC INDEMNITY COMPANY, a California corporation, Appellant,**

**v.**

**Charles KOHLHASE, Appellee.**

**No. I CA–CIV 617.**

Court of Appeals of Arizona.

June 9, 1969.

Rehearing Denied July 8, 1969.

Review Denied Sept. 23, 1969.

Gust, Rosenfeld & Divelbess, by Richard H. Whitney, Phoenix, for appellant.

Richmond, Ajamie & Fay, by Richard E. Fay, Phoenix, for appellee.

HATHAWAY, Judge.

The appellant-insurer brings this appeal from a judgment in favor of the appellee, its insured, for damage to an airplane. The only question to be resolved is one of coverage—did the insurance policy issued by the appellant afford coverage under the circumstances of the loss?

In 1963, appellee was the owner of a 1947 Luscombe airplane. It was insured by the appellant, providing liability and hull coverage. The hull coverage insured against all risks, ground and flight.[1] On April 24, 1963, the subject airplane was in the custody of the manager of the Globe, Arizona, airport for the purpose of effecting a sale. He was given a set of keys and instructions limiting use of the plane. A student pilot, having only 33 hours flying time, was allowed to take the plane up on a solo cross-country flight and the accident in question occurred when the plane's motor stopped and the pilot had to crash-land the aircraft.

The appellee filed a claim with the appellant-insurer which was rejected on the ground that the policy did not afford coverage for this loss. Appellee then filed suit against the insurance company, the airport manager and the pilot. The claim asserted against the insurance company was predicated on the insurance contract. The issues of the insurance company's contract liability and the other defendants' negligence were tried to a jury. It returned a verdict against the insurer and airport manager and in favor of the pilot. This appeal concerns only the judgment entered on the verdict against the insurer in favor of the insured.

The appellant-insurer, at the close of the appellee's case, and again at the close of all the evidence, moved for a directed verdict on the ground that there was no policy coverage at the time the accident occurred. The policy, in the portion thereof delineated as "exclusions," provides:

"THIS POLICY DOES NOT APPLY AND NO COVERAGE IS AFFORDED:

\*   \*   \*   \*   \*   \*

"2. To any insured while the aircraft is in flight;

(a) if piloted by other than the pilot or pilots designated in the Declarations

\*  \*  \*."

The declarations referred to provided:

"Item 10. When in flight, the aircraft will be piloted only by

(a) Charles Kohlhase; Also Boyd Kohlhase while under the direct supervision and control of a commercial instructor pilot.

---

1. Under "all risks" coverage, recovery is allowed for all fortuitous losses not resulting from misconduct or fraud of the insured unless the policy contains a specific provision expressly excluding the particular loss from coverage. C. H. Leavell & Co. v. Fireman's Fund Insurance Co., 372 F.2d 784 (9th Cir. 1967); Miller v. Boston Insurance Co., 420 Pa. 566, 218 A.2d 275 (1966).

(b) Any Private or Commercial pilot properly certificated by the FAA having a minimum of

　・ 300 hours logged solo flying time or pilot in command, including at least

　 50 hours in aircraft of a comparable or more complex type* of which

\* 'Comparable or more complex type' shall be in reference to each particular aircraft insured herein and shall be defined as aircraft with not less than 50% of the total horsepower, the same number of or more engines, and a retractable landing gear if the insured aircraft is so equipped."

　 10 hours shall have been within the past 90 days.

(c) Any properly certificated pilot in the course of his employment by (1) the FAA; (2) a repair station provided that such in-flight operations are solely in connection with inspections or repairs to be or that have been performed and are specifically authorized by a mechanic properly certificated by the FAA to make said inspections and repairs. The pilots and/or the repair station described in this paragraph shall not be insured hereunder.

The coverage of aircraft insurance is commonly subject to exclusions and exceptions, 11 Couch on Insurance 2d § 42:629, and may exclude coverage when the plane is flown by certain types of pilots or persons. Id. § 42:634.

■ When recovery is sought under an insurance contract, the insured has the burden of proving that his loss was due to an insured risk. 46 C.J.S. Insurance § 1316, p. 398. In order to establish a prima facie case, he must prove the insurance policy, the happening of the insured event, and the giving of notice as provided in the policy. Fallins v. Durham Life Insurance Company, 247 N.C. 72, 100 S.E.2d 214 (1957); Underwriters at Lloyds, London v. Cherokee Laboratories, Inc., 288 F.2d 95 (10th Cir. 1961); 29A Am.Jur.Insurance § 1823. Here, the appellee made out a prima facie

case by introducing the policy and showing that his plane was damaged while in flight. Tuohey v. National Insurance Underwriters, 369 S.W.2d 421 (Mo.App.1963).

■ The insurer, on the other hand, has the burden of showing that the loss was within a policy exclusion. Milliken v. Fidelity & Casualty Company of New York, 338 F.2d 35 (10th Cir. 1964); Mock v. Missouri Union Insurance Company, 328 S.W.2d 61 (Mo.App. 1959); Dillard v. Continental Insurance Company, 130 So.2d 489 (La.App.1961); Hanover Fire Insurance Company of New York v. Scroggs, 92 Ga. App. 548, 88 S.E.2d 703 (1955). It may lawfully exclude certain risks from the coverage of its policy, and where damage occurs during the operation of a plane under circumstances as to which the policy excludes coverage, there is no coverage. Grigsby v. Houston Fire & Casualty Insurance Co., 113 Ga.App. 572, 148 S.E.2d 925 (1966); Lineas Aereas Colombianas Expresas v. Travelers Fire Ins. Co., 257 F.2d 150 (5th Cir. 1958); Electron Machine Corp. v. American Mercury Ins. Co., 297 F.2d 212 (5th Cir. 1961); Globe Indemnity Co. v. Hansen, 231 F.2d 895 (8th Cir. 1956); Underwriters at Lloyd's of London v. Cordova Airlines, Inc., 283 F.2d 659 (9th Cir. 1960); Roberts v. Underwriters at Lloyds London, 195 F.Supp. 168 (1961); Powell Valley Electric Coop. v. United States Aviation Underwriters, 179 F.Supp. 616 (1959).

■ Where the evidence is conflicting, the question of whether the loss is within the risks of the policy or excepted therefrom is ordinarily for the trier of fact. Morton v. Great American Insurance Company, 77 N.M. 35, 419 P.2d 239 (1966); A. C. Ferrellgas Corp., Inc. v. Phoenix Insurance Co., 187 Kan. 530, 358 P.2d 786 (1961); Evans v. Century Casualty Co., 159 Colo. 596, 413 P.2d 457 (1966); 46 C.J.S. Insurance § 1374. Where, however, the undisputed facts show that no coverage exists, i. e., that the accident is clearly within an excluded risk, then the court has a duty to direct a verdict for the

insurer. Cashen v. Camden Fire Insurance Association, 48 Tenn.App. 470, 348 S.W. 2d 883 (1961); 46 C.J.S. Insurance § 1373, p. 636; Arizona Fire Insurance Company v. Dillingham, 23 Ariz. 508, 205 P. 589 (1922). Here the evidence conclusively shows that there was no coverage—the aircraft was in flight and piloted by one other than a pilot designated in the declarations. (The aircraft was piloted by a student pilot having no more than 33 hours logged flying time.)

The appellee relies on the fact that the pilot's use of the aircraft was a nonpermissive user, citing Walker v. American Insurance Company, 84 F.Supp. 513 (1949), aff'd, 181 F.2d 497 (5th Cir. 1950). See also companion case of Green v. Bankers Indemnity Insurance Company, 84 F.Supp. 504 (1949), aff'd, 181 F.2d 1 (5th Cir. 1950). The Walker holding is inapposite here because the exclusion provision therein considered excluded coverage under certain circumstances where the insured had given consent. The subject policy provision is clear and its meaning plain—the insured's consent is not a prerequisite to the operability of the exclusion clause.

The appellee, in further defense of the judgment, contends the student pilot's flight, without his consent and without the permission of the airport manager, constituted a theft[2] of the aircraft.

The policy defines "theft" as:

" * * * theft, robbery, larceny or pilferage including damage done by thieves."

The modern trend today, where the word "theft" is not defined in the insurance policy, is to give it a liberal construction, namely a common and ordinary meaning according to the understanding of persons in ordinary walks of life. See P. E. Ashton Company v. Joyner, 17 Utah 2d 162, 406 P.2d 306 (1965); Toms v. Hartford Fire Insurance Company, 146 Ohio St. 39,

63 N.E.2d 909 (1945). The term "theft" has been construed to include any wrongful deprivation of the property of another without claim or color of right, Munchick v. Fidelity & Casualty Company of New York, 2 Ohio St.2d 303, 209 N.E.2d 167 (1965), the fraudulent and wrongful taking of the property of another, Hall v. Great National Lloyds, 154 Tex. 200, 275 S.W.2d 88 (1955), or a taking where the natural consequence thereof creates an unreasonable risk of permanent loss to the owner. Sunny South Aircraft Serv. v. American Fire & Cas. Co., Fla.App., 140 So.2d 78, aff'd, Fla., 151 So.2d 276 (1963). See also 11 Couch on Insurance 2d § 42:250; World Investment Company v. Manchester Insurance & Indemnity Co., 380 S.W.2d 487 (Mo.App., 1964).

Here, concededly, the aircraft was taken without the consent of the owner. The evidence, however, is undisputed that the student pilot did have permission to fly the airplane—permission of the flying instructor who worked at the airport. This instructor was an independent operator in that he charged for flying instructions and the airport manager charged rental for the planes used by his students. Under these circumstances, regardless of what the understanding may have been between the aircraft's owner and the airport manager as to the use of the airplane, and notwithstanding the broad scope afforded theft coverage, we cannot conceive that the pilot's use of the airplane constituted a theft. See Smith v. East & West Ins. Co., 37 So. 2d 376 (La.App.1948).

It has been held that when an article insured against theft is stolen and is subsequently damaged under circumstances which, but for the theft, would fall within an exclusionary provision, the loss represented by such damage is recoverable under the theft provision and the exclusionary clause is inapplicable. Sunny South Air-

2. His position as to theft appears to be inconsistent with his complaint which recognizes the applicability of the deductible provision of the insurance policy. This provision, by its own terms, is not applicable to "fire or theft losses or while in hanger."

craft Serv. v. American Fire & Cas. Co., supra; General Exchange Insurance Corporation v. Kinney, 279 Ky. 76, 129 S.W.2d 1014, 122 A.L.R. 920 (1939). This principle, however, has no application here, if at all, since there was no theft of the airplane.

The evidence having established that appellee's loss was an excluded risk, hence not covered under the policy, the trial court should have directed a verdict in favor of the insurer on the issue of its contractual liability.

The judgment is therefore reversed with directions to enter judgment for the appellant.

MOLLOY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).