**Eric DEUTSCH, Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Respondent.**

No. 33518.

St. Louis Court of Appeals, Missouri.

July 28, 1970.

Motion for Rehearing or for Transfer to Supreme Court Denied Sept. 11, 1970.

Application to Transfer Denied Oct. 12, 1970.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Murphy & Kortenhoff, Ben Ely, Jr., St. Louis, for defendant-respondent.

DOWD, Judge.

This is an action on an automobile insurance policy issued by the defendant to the plaintiff to recover for a total loss to plaintiff's automobile. Plaintiff's theory of recovery is that plaintiff's son stole plaintiff's automobile and wrecked it. Plaintiff sued under the comprehensive coverage

provision of the policy insuring against loss to the automobile resulting from theft. The jury returned a verdict in plaintiff's favor for $2,700.

The trial court sustained defendant's after-trial motion for judgment in accordance with its motion for a directed verdict and in the alternative sustained defendant's motion for a new trial and entered judgment in favor of defendant. Plaintiff appeals.

Defendant's after-trial motion for a judgment in accordance with the motion for a directed verdict is based on two grounds:

"1. There was no proof adduced by the plaintiff that Jack Deutsch took the plaintiff's vehicle with the intent to permanently deprive the plaintiff of that vehicle.

"2. The evidence conclusively showed that, by virtue of an exclusion contained in the insurance policy sued [on], no coverage under the policy extended to the insured automobile while that automobile was being operated by Jack Deutsch in the absence of the plaintiff and the plaintiff's wife."

The automobile insurance policy was the standard form which provided for: (1) bodily injury liability; (2) property damage liability; (3) medical payments; (4) $50.00 deductible collision; and, (5) comprehensive coverage. The pertinent part of the comprehensive coverage stated:

"(2) To pay for loss caused by fire, lightning, flood, falling objects, explosion, earthquake, or theft of the entire automobile, * * *."

On page 1 of the policy which contains the "DECLARATIONS" there is this notation: "6023.1 DRIVER EXCL ZACK DEUTSCH." It is stipulated that Zack Deutsch should have read Jack Deutsch in the driver exclusion endorsement.

Attached to the policy was an endorsement which reads as follows:

"DRIVER EXCLUSION ENDORSE-
MENT

"In consideration of the premium at which the policy is written it is agreed that the Company shall not be liable and no liability or obligation of any kind shall attach to the Company for losses or damage sustained while any automobile insured hereunder is driven or operated by

ZACK DEUTSCH

except when accompanied by the named insured or the named insured's spouse.

"Nothing herein contained shall be held to alter, vary, waive or extend any of the terms, conditions, agreements or limitations of the undermentioned policy other than as hereinabove stated.

"Effective 12:01 A.M. Standard Time, 07–07–65. Attached to and forming a part of policy number 2552 388–A07–25

"Issued to     DEUTSCH, ERIC by the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, of Bloomington, Illinois."

Plaintiff testified that he was married and had a son, Jack Deutsch, and that on July 7, 1965 he purchased an automobile insurance policy from the defendant to cover this automobile. Plaintiff asked that his son, who was 17 years old at the time, be included in the insurance but that the defendant refused.

Plaintiff also testified that he refused to give his son permission to drive the automobile because the company refused insurance and that the son was "a little bit too wild." The son had a small motorcycle. The son had driven the automobile on previous occasions without plaintiff's permission. Plaintiff took measures to prevent the son from driving by putting a chain with a lock on the steering wheel and shift but it was cut off. The plaintiff also reported the son's use of the automobile to the police and to the juvenile authorities. The son had made a duplicate key to the

automobile without the knowledge of the plaintiff.

On June 24, 1966, at about 5:45 p. m., plaintiff parked his automobile in his back yard and locked it. At about 6:45 p. m., plaintiff was notified by the police of an accident in which his automobile driven by his son collided with an abutment on Highway 40. His son died in the collision and the automobile valued at $2,700 was a total wreck.

The son had not asked the plaintiff for permission to use the automobile that evening. The son had a girl passenger with him and they were on their way to White Castle (restaurant) when the accident occurred. White Castle is about two blocks from the Deutsch home. There were no suitcases or extra clothing or shaving articles in the automobile that evening. Jack Deutsch had made no statement about leaving town that night, stealing the automobile or that he was not going to return the automobile.

At the conclusion of the evidence, defendant's motion for a directed verdict was overruled.

The court refused to give a proffered instruction by defendant submitting a defense based on the policy exclusion. The jury verdict was based on plaintiff's verdict director hypothesizing a finding that plaintiff's automobile was stolen.

Did the trial court err in sustaining defendant's motion for judgment in accordance with its motion for a directed verdict? We hold that it did not.

Defendant's motion was based on two grounds: (1) There was no evidence to show that plaintiff's son took the automobile with the intent to permanently deprive the plaintiff of the automobile. (2) The evidence conclusively showed that by virtue of the exclusion contained in the policy, there was no coverage under the policy while the automobile was being operated by plaintiff's son in the absence of the plaintiff or the plaintiff's wife.

If the trial court's action can be sustained on either ground, we must affirm. We hold that the trial court's action can be sustained on ground (2) of defendant's motion.

Neither brief has cited nor has our own research revealed any Missouri decision on this kind of exclusionary provision. However, we believe that this exclusionary provision is similar in principle to the common exclusionary provision relating to the operation of an automobile by an underage driver which has been held to be valid and enforceable.[1] Keck v. American Fire Ins. Co., 237 Mo.App. 308, 167 S.W.2d 664 [1]; Perkins v. Becker, 236 Mo.App. 786, 157 S.W.2d 550 [2]; Daniel v. State Farm Mutual Ins. Co., 233 Mo.App. 1081, 130 S.W.2d 244 [3].

In Burch v. Wargo, 378 Mich. 200, 144 N.W.2d 342, there was an exclusionary endorsement similar to the endorsement here in that it excluded coverage for the operation of the insured's automobile by his minor son and specifically named the minor son. The court in *Burch* stated this was a valid exclusion. Again, in Bankers & Shippers Ins. Co. v. Phoenix Assurance Co. of New York, Fla., 210 So.2d 715, the court held that an exclusionary endorsement which provided no coverage under the policy for occurrences which took place while the insured's automobile was being operated by the named husband of the insured was valid.

Here the policy clearly and specifically provided that the defendant shall not be liable for losses or damages sustained while the insured automobile is driven by Jack Deutsch except when accompanied by his father or mother. Undoubtedly, the purpose of requiring that Jack Deutsch be accompanied by either of his parents when

1. For an analysis and citation of authorities concerning this kind of exclusionary provision see annotations entitled "Motor vehicle insurance: exclusionary provision relating to age of operator"; 83 A.L.R. 2d 1236.

he drove the automobile was to control and influence his driving. The son was 17 years old and "a little bit wild." This is a valid provision. The language of the provision is clear and unambiguous. The provision specifically excluded liability of any kind while the automobile was operated by the son unless accompanied by either parent. The facts clearly show that the automobile was being operated by the son not accompanied by either parent. This was the liability which the insurer refused to assume by this provision.

Plaintiff contends that the policy's exclusionary provision is not applicable here because the operation of the automobile by the excluded driver Jack Deutsch was without the plaintiff's consent. We believe the consent element is immaterial. Consent of the parent is not made part of the exclusionary provision. Plaintiff cites no case to sustain this contention. On the contrary, our research discloses that courts have held that the lack of consent is immaterial.

In State Farm Mutual Automobile Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970, an automobile was driven by a 13 year old girl without the insured's knowledge and contrary to his orders. The 13 year old girl was unlicensed and unlicensable under the laws of California. There was a policy provision which excluded liability "if it (automobile) was being driven or operated by any person violating any law or driving license." The exclusion was held to be applicable despite the fact that the driving was contrary to the orders of the insured and without his knowledge.

Also in Texas Indemnity Ins. Co. v. McLelland, Tex.Civ.App., 80 S.W.2d 1101, the policy excluded coverage while the insured's automobile was being operated by any person under the age limit fixed by law or, in any event, under the age of sixteen years. In that case the 14 year old son of the insured, without the insured's consent and contrary to the insured's instruction, drove the automobile covered by the policy and involved it in a collision. The court held this to be a valid exclusion and stated that the fact that the 14 year old son was not authorized to drive the automobile was immaterial for the insurance contract excluded liability if at any time the automobile was driven by any person under the age of 16 years.

Also in Hossley v. Union Indemnity Co. of New York, 137 Miss. 537, 102 So. 561, the court upheld the same kind of underage exclusionary provision and rejected the defense of the policyholder that this provision did not apply because the automobile was being driven without the consent of the insured.

The trial court's action sustaining defendant's after-trial motion for judgment in accordance with its motion for directed verdict was proper and the judgment thus entered is affirmed.

WOLFE, P. J., and BRADY, J., concur.