RANGER INSURANCE COMPANY,
Appellant,

v.

Wilbert and Vesta AILSHIRE, d/b/a
Independence Memorial Airport,
Respondents.

No. 28071.

Missouri Court of Appeals,
Kansas City District.

May 2, 1977.

Max W. Foust, Russell D. Jacobson, Morris, Foust, Beckett & Ponick, Kansas City, for appellant.

Graham, Paden, Welch, Martin & Albano, Michael J. Albano, Independence, for respondents.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action by insurer of aircraft to recover from insureds under subrogation provisions of policy, $9,000 paid lienholder upon destruction of airplane. Insureds counterclaimed for $10,500 face amount of policy, less $500 deductible and $9,000 paid lienholder, or $1,000. Trial to court resulted in judgment in favor of defendants on their counterclaim and against plaintiff on its claim. Plaintiff appeals.

Wilbert and Vesta Ailshire owned a 1968 Piper PA–28 aircraft. Ranger Insurance Company issued to them its policy for a term September 19, 1968 to September 19, 1969, covering the aircraft. The policy included all risks coverage in the amount of $10,500, less a $500 deductible. By Breach of Warranty Endorsement, Noland Road Bank was protected to the extent of their lien of $9,000 for a loan made by the bank to the Ailshires for the purchase of the aircraft.

A "Special Provisions Endorsement" attached to the policy contained the following provision:

"This Policy does not apply to any occurrence or to any loss or damage occurring while the aircraft is being operated in flight by a Student Pilot unless each flight is under the supervision and specifically approved by a properly qualified Flight Instructor certificated by the Federal Aviation Administration.

"This exclusion is not applicable to any Student Pilot following issuance of a Private Pilot Certificate."

In June, 1969, Robert L. Bone, Jr., the holder of a Student Pilot certificate, worked for defendants at the airport where the plane was hangared. Mrs. Ailshire promised Bone that for his compensation he could have two hours free flying time on the airplane, but he would have to await the return of his instructor who was out of town and that upon his return, Bone could schedule the use of the plane as he had done previously.

On June 9, 1969, Bone came to the airport in Mrs. Ailshire's absence and without her knowledge or permission obtained the keys to the plane from the line boy. Bone took off from the airport without supervision of an instructor. The flight terminated in a crash in which Bone was killed and the plane destroyed.

Ranger denied the Ailshires' demand for payment to them of the insurance coverage for the plane, less the deductible and the amount paid the bank, or $1,000.00. Ranger denied the claim on the grounds that there was no coverage under its policy at the time of the crash because the plane was being operated at the time by a student pilot, without supervision of an instructor and the flight had not been specifically approved by an instructor.

Relying upon the subrogation provisions of the Breach of Warranty Endorsement of its policy, Ranger sued Ailshires for the amount paid the bank on a claim as to which no liability therefor existed toward the insured. The Ailshires counterclaimed for the balance due under the terms of the policy. Trial to the court on stipulated facts, answers to interrogatories and the deposition of Mrs. Ailshire resulted in a judgment in favor of defendants on their counterclaim and against plaintiff on its petition.

On this appeal, Ranger asserts that, since the flight which resulted in the destruction of the aircraft was in violation of the special provisions endorsement of the policy, no coverage under the policy was available to the Ailshires.

Appellant's principal reliance is upon the case of *Deutsch v. State Farm Mutual Automobile Ins. Co.*, 457 S.W.2d 823 (Mo. App.1970). That case involved an automobile insurance policy excluding coverage when the auto was operated by a named son of the insured. Despite extreme measures by the father to prevent the son's use of the auto, the son took the auto without his father's permission and was involved in a collision, resulting in the son's death and the destruction of the auto. In the father's action to recover from the insurer for the value of the automobile, the insurer relied upon the exclusionary endorsement and the

father replied that the use was without his knowledge or consent. The court of appeals rejected the father's contention, stating:

" * * * We believe the consent element is immaterial. Consent of the parent is not made part of the exclusionary provision. Plaintiff cites no case to sustain this contention. On the contrary, our research discloses that courts have held that lack of consent is immaterial." 457 S.W.2d at 826.

The court then cites *State Farm Mutual Automobile Ins. Co. v. Coughran*, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970 (1938); *Texas Indemnity Ins. Co. v. McLelland*, 80 S.W.2d 1101 (Tex.Civ.App.1935), and *Hossley v. Union Indemnity Co. of New York*, 137 Miss. 537, 102 So. 561 (1925).

In this case, respondents have cited in support of their position cases in which recovery was sought under theft provisions of auto or aircraft policies and the insurer resisted payment on the grounds that the use at the time of actual destruction or loss of the insured vehicle was within an exclusionary clause of the policy. Thus, in *Sunny South Aircraft Service, Inc. v. American Fire and Casualty Company*, 140 So.2d 78 (Fla.App.1962), affirmed, 151 So.2d 276 (Fla.1963), the insured aircraft had been hijacked to Cuba where it was destroyed by gunfire by a Cuban Air Force plane. The insurer sought to apply the exclusion of loss due to "war, etc.," but the court permitted recovery under the theft coverage of the policy.

In *General Ins. Corporation v. Kinney*, 279 Ky. 76, 129 S.W.2d 1014 (1939), an insured auto had been stolen and was subsequently seized by government officials and impounded because of its use in transporting illegal moonshine. The insurer sought to avoid recovery on the basis of an exclusion in its policy of loss due to government confiscation for illegal use. The court held the exclusion inapplicable because the auto had previously been stolen.

In *Schwab v. Ranger Insurance Company*, 438 S.W.2d 121 (Tex.Civ.App. 1969), the policy required an aircraft to be operated by a named person or by others with at least 1000 hours flying time. The craft was destroyed while flown by a pilot with less than 1000 hours. The insured sought to avoid the effect of the policy limitation by contending that the use at the time of the accident was without his permission, but a jury, on submission of that issue, found against the owner. Respondents say that in that case the court recognized inferentially that lack of consent to the use of the plane by the unqualified pilot would have avoided the effect of the exclusionary clause. Since the insured failed in his burden of proof on the lack of consent, the court did not actually consider the legal effect of such a defense, had it been proved in the case.

Finally, respondents cite *Delametter v. Home Ins. Co.*, 233 Mo.App. 645, 126 S.W.2d 262 (1939). In that case, the owner of a motor truck trailer sought recovery under his fire insurance policy for the loss of the trailer which occurred when the tractor unit caught fire, causing a collision in which the trailer was destroyed, although not touched by the fire. The court held that fire was the proximate cause of the loss and that the fire insurance covered it. The court said that coverage was not limited to instances where the insured item was destroyed by fire but also included "losses from other sources or agencies which have been set in motion as the direct result of an antecedent fire." 126 S.W.2d at 265.

Respondents deduce from those cases the rule that an exclusionary clause in an insurance policy is inapplicable when there is an unauthorized taking which amounts to a theft and which sets in motion the act resulting in damage to the insured property.

■ Insofar as the applicability of the exclusionary provision is concerned, consent is not, as stated in *Deutsch*, a decisive factor. Consent becomes relevant in determining whether or not the insured auto or aircraft was taken under such circumstances as constitute theft within the meaning of the policy provision protecting from loss on that account. As pointed out by the trial court, if the aircraft is in fact stolen, the

insurer should not be permitted to defend against payment of the loss on the grounds that the thief was a student pilot.

What appears to be a correct application of the rule is found in *Pacific Indemnity Company v. Kohlhase*, 9 Ariz.App. 595, 455 P.2d 277 (1969). In that case an all risks policy had been issued on an aircraft. The exclusionary provisions of the policy called for no coverage if the plane was piloted by other than named persons or pilots with specified qualifications. The plane was placed in the custody of an airport manager for sale. He was given the keys and instructions limiting the use of the plane. In violation of such instructions, a student pilot, not meeting the qualifications in the exclusionary provision, was allowed to take the plane on a flight which resulted in a crash. The court held that there was no coverage because the evidence showed conclusively that the aircraft was in flight and piloted by one other than the pilot designated in the declarations.

The owner's claim that the use was non-permissive was rejected. " * * * [T]he insured's consent is not a prerequisite to the operability of the exclusion clause." 455 P.2d at 280.

The court then considered the owner's contention that the student's flight, without his consent and without the permission of the airport manager, constituted a theft of the aircraft. On that issue the court said (455 P.2d 280–281):

"The modern trend today, where the word 'theft' is not defined in the insurance policy, is to give it a liberal construction, namely a common and ordinary meaning according to the understanding of persons in ordinary walks of life. See *P. E. Ashton Company v. Joyner*, 17 Utah 2d 162, 406 P.2d 306 (1965); *Toms v. Hartford Fire Insurance Company*, 146 Ohio St. 39, 63 N.E.2d 909 (1945). The term 'theft' has been construed to include any wrongful deprivation of the property of another without claim or color of right, *Munchick v. Fidelity & Casualty Company of New York*, 2 Ohio St.2d 303, 209 N.E.2d 167 (1965), the fraudulent and wrongful taking of the property of another, *Hall v. Great National Lloyds*, 154 Tex. 200, 275 S.W.2d 88 (1955), or a taking where the natural consequence thereof creates an unreasonable risk of permanent loss to the owner. *Sunny South Aircraft Serv. v. American Fire & Cas. Co.*, Fla.App., 140 So.2d 78, aff'd, Fla., 151 So.2d 276 (1963). See also 11 Couch on Insurance 2d § 42:250; *World Investment Company v. Manchester Insurance & Indemnity Co.*, 380 S.W.2d 487 (Mo.App.1964).

"Here, concededly, the aircraft was taken without the consent of the owner. The evidence, however, is undisputed that the student pilot did have permission to fly the airplane—permission of the flying instructor who worked at the airport. This instructor was an independent operator in that he charged for flying instructions and the airport manager charged rental for the planes used by his students. Under these circumstances, regardless of what the understanding may have been between the aircraft's owner and the airport manager as to the use of the airplane, and notwithstanding the broad scope afforded theft coverage, we cannot conceive that the pilot's use of the airplane constituted a theft. See *Smith v. East & West Ins. Co.*, 37 So.2d 376 (La.App.1948).

"It has been held that when an article insured against theft is stolen and is subsequently damaged under circumstances which, but for the theft, would fall within an exclusionary provision, the loss represented by such damage is recoverable under the theft provision and the exclusionary clause is inapplicable. *Sunny South Aircraft Serv. v. American Fire & Cas. Co.*, supra; *General Exchange Insurance Corporation v. Kinney*, 279 Ky. 76, 129 S.W.2d 1014, 122 A.L.R. 920 (1939). This principle, however, has no application here, if at all, since there was no theft of the airplane."

In the *Deutsch* case, supra, relied upon by appellant, the St. Louis Division of the Court of Appeals did not pursue the question of liability based upon the theft provision of the policy. On the appeal the insurer had contended that it was not liable under its policy because of the use by an

excluded driver and also, because there was no evidence that the son "took the automobile with the intent to permanently deprive the plaintiff of the automobile." 457 S.W.2d 825. The Court of Appeals concluded that the judgment in favor of the insurer should be affirmed if the trial court's sustaining of its motion for judgment could be upheld on either ground.

Inasmuch as the opinion in *Deutsch* does not indicate whether or not the respondent on the appeal asserted liability based upon the theft provision of the policy, that case is not a direct holding that operation of a vehicle by an excluded driver prevents recovery under the theft protection of a policy of insurance against physical loss. The three cases, above referred to, which the court cited in support of its conclusion that lack of consent is immaterial in the enforcement of an exclusionary provision of a policy of insurance, all involved liability coverage, not property loss coverage. Since the *Deutsch* case did not reach the question here decided, that case is not controlling.

In this case the trial court found: "There is no question but that Robert Bone was not authorized to operate the plane." However, it is clear that in neither the trial court nor in this court have the respondents asserted liability on the part of appellant on the basis of the theft coverage of the policy. Respondents' counterclaim cannot be found to be so premised, particularly since it concedes the allowance of the $500 deductible amount stated in the policy, whereas the policy by its terms provides that the deductible should not be applicable in case of loss by theft.

Likewise, in this court, the unauthorized taking has been advanced by respondents as nullifying the exclusionary provision relied upon by appellant rather than as a basis for a finding that the loss was within the theft coverage of the policy.

■ Although this case was submitted upon stipulated facts and although the desirability of finally terminating litigation should be furthered where possible and practicable, nevertheless an appellate court should not interject a theory of liability not actually advanced by the parties to the litigation and decide the case on such basis.

■ In this case, the trial court's determination that respondents were entitled to recover because the unauthorized use of the plane negatived the exclusionary provision was erroneous because the exclusionary provision was not limited to consensual use. This error requires that the judgment entered in favor of respondents on their counterclaim be reversed. However, in the interest of justice, respondents should, if they see fit, be permitted to amend their counterclaim and to have the cause heard and determined consistently with the views herein expressed.

Therefore, the judgment in favor of the respondents is reversed and the judgment against appellant on its petition is likewise reversed and the cause remanded for new trial.

All concur.