734 P.2d 106

**SCOTTSDALE INSURANCE COMPANY,**
**Plaintiff/Appellant,**

v.

**Guadalupe MONARES, Charles N. Wilcoxson, Neola J. Wilcoxson and Phelps Dodge Corporation, Defendants/Appellees.**

**No. 2 CA–CIV 5740.**

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 13, 1986.

Reconsideration Denied Dec. 16, 1986.

Review Denied March 2, 1987.

Hazlett & Wilkes by James M. Wilkes, Tucson, for plaintiff/appellant.

Miller & Pitt, P.C. by Richard L. McAnally and Thomas G. Cotter, Tucson, for defendant/appellee Monares.

Anderson & Welker, P.C. by Dudley S. Welker, Safford, for defendants/appellees Wilcoxson.

Evans, Kitchel & Jenckes, P.C. by Leon D. Bess and Brad K. Keogh, Phoenix, for defendant/appellee Phelps Dodge.

HATHAWAY, Chief Judge.

This appeal involves the interpretation of several employee and worker's compensation exclusionary clauses in a business automobile liability insurance policy. The trial court granted summary judgment against appellant, finding that the exclusions violate Arizona's public policy as a matter of law, and are therefore void. We agree that summary judgment was proper and affirm.

The facts are uncontested. In August 1984, Wilcoxson hired Monares to help him move houses. Monares worked for about six weeks during a four-month period. He had agreed to work if he was available when Wilcoxson needed his help. He helped to move three of the four houses Wilcoxson moved prior to November 30, 1984.

In September of 1984, Wilcoxson purchased a truck with a boom to use in relocating the houses. He then contacted Bert Rapier of the Duncan Insurance Agency about insuring the truck. Through Bert Rapier, he applied for and purchased a business automobile policy from Scottsdale Insurance Company (Scottsdale). On the insurance application, Wilcoxson listed potential drivers as himself, Monares and another employee, Stergion. He also indicated that he had no worker's compensation insurance.

Wilcoxson was driving the insured vehicle on November 30, 1984, when the boom contacted overhead power lines, severely injuring Monares. At the time, Monares was helping Wilcoxson move a house located on property owned by Phelps Dodge Corporation. On January 9, 1985, Monares filed a personal injury action against Wilcoxson and Phelps Dodge.[1]

Scottsdale filed a declaratory relief action and moved for summary judgment, claiming that the policy was in effect at the time of the injury, but did not cover Monares' injuries due to the following exclusionary clauses:

Part IV–Liability Insurance

\* \* \* \* \* \*

C. Will Not Cover—Exclusions
This insurance does not apply to:

\* \* \* \* \* \*

2. Any obligation for which the insured or his or her insurer may be held liable under any Workers Compensation or Disability Benefits law or under any similar law.

3. Any obligation of the insured to indemnify another for damages resulting from bodily injury to the insured employee.

4. Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment.

5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to Workers Compensation benefits.

Monares opposed the motion and moved for judgment in his favor. The trial court considered Wilcoxson's deposition, the insurance policy and the application for insurance. Finding no genuine issue as to any material fact, the court granted Monares' cross-motion for summary judgment, stating that there was coverage to the full extent of the policy as a matter of law. In denying Scottsdale's motion to reconsider, the court affirmed and clarified its earlier ruling stating that the exclusions violated public policy and were unenforceable as a matter of law.

On appeal, Scottsdale argues that summary judgment was improper because (1) the question of the validity of insurance contract exclusions is not proper for summary disposition; (2) there is a factual issue as to whether Monares was an employ-

---

1. Monares elected to pursue his civil suit against Wilcoxson in lieu of seeking the "special fund" compensation afforded by A.R.S. § 23–907.

ee of Wilcoxson at the time of the injury; (3) Wilcoxson's "reasonable expectations" of coverage under the policy present an unresolved question of material fact; (4) the worker's compensation exclusions are authorized by A.R.S. § 28–1170(E); and (5) there is a fact question as to whether worker's compensation is available to Monares, and if it is, the exclusions do not violate public policy.

■ Scottsdale also raises on appeal arguments pursuant to Rule 56(c) and (f), Arizona Rules of Civil Procedure, 16 A.R.S. Scottsdale claims it did not have adequate time to assemble and present the necessary evidence to oppose Monares' cross-motion for summary judgment, and the court should have allowed a continuance of the hearing or should have accepted the affidavit of Scottsdale's attorney outlining what the insurance agent would state in her affidavit or deposition.

First, these contentions are untimely. On appeal, Scottsdale raises these arguments for the first time in its reply brief. Second, Scottsdale did not object to the proceedings, and the complaints of counsel about not having enough time to respond, do not rise to the level of a formal objection. Furthermore, Scottsdale did not request a continuance at the summary judgment hearing. In its motion seeking reconsideration of the order granting summary judgment, Scottsdale made a timeliness argument, but based it solely on the need to address newly raised "reasonable expectations" issues. The trial court did not grant summary judgment on the complained of "reasonable expectations" issues. Even if we were to find that appellees did not comply with Rule 56(c), any alleged harm resulting from the noncompliance is de minimis. Scottsdale had a full nine days between the original summary judgment hearing and the hearing on its motion to reconsider. Yet, at the rehearing, the only additional "proof" Scottsdale presented was its own attorney's affidavit, purporting to inform the court of the potential testimony of Bert Rapier. This affidavit contained hearsay and was properly disregarded. We will not consider its con-

tents in this appeal. *Jabczenski v. Southern Pacific Memorial Hospital, Inc.*, 119 Ariz. 15, 579 P.2d 53 (App.1978); Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S.

■ Scottsdale supports its claim that the validity of the policy's exclusion clause is not appropriate for summary judgment by citing *Pacific Indemnity Company v. Kohlhase*, 9 Ariz.App. 595, 455 P.2d 277 (1969). *Kohlhase* did involve an insurance policy exclusion, but the court stated that where undisputed facts demonstrate the absence of insurance coverage, the court has the duty to direct a verdict for the insurer. Id. at 597–98, 455 P.2d at 279–80. In the instant case, since there is no dispute as to material facts, the validity of the exclusion is a question of law, not fact, and is appropriate for summary judgment. (Cf. *Northern Insurance Company of New York v. Superior Court of Pima County*, 104 Ariz. 235, 450 P.2d 693 (1969))

The question of Monares' employment status has been conceded by the appellees who agree that Monares was an employee of Wilcoxson. The argument pertaining to Wilcoxson's expectations of coverage may involve questions of fact, but the trial court did not base its decision on this issue. It decided the coverage question solely on public policy grounds.

■ The issue before us, therefore, is whether, as a matter of law, the exclusionary provisions comport with Arizona's public policy, and if they apply to preclude coverage, when the insured had no worker's compensation coverage and so informed the insurer.

The focus of the public policy claim is Arizona's Uniform Motor Vehicle Safety Responsibility Act (Financial Responsibility Act), A.R.S. § 28–1101 to –1260. The purpose of the act is to protect the public from financial hardship or uncompensated damages which may result from financially irresponsible persons' operation of automobiles on Arizona highways. *Chase v. State Farm Mutual Auto. Ins. Co.*, 131 Ariz. 461, 641 P.2d 1305 (App.1982); *Schwab v. State Farm Fire & Casualty Co.*, 27 Ariz. App. 747, 558 P.2d 942 (1976). It affords

such protection by requiring that all motor vehicle liability policies insure "against loss from liability imposed by law for damages arising out of ... use of a motor vehicle." A.R.S. § 28–1170(B)(2). The Arizona Supreme Court has recognized that: "A purpose of the Act was to prevent persons injured by the use of a motor vehicle, whether in highway driving or otherwise, from being left uncompensated because of restrictive clauses in the policy insuring the vehicle." *Mission Insurance Co. v. Aid Insurance Services*, 120 Ariz. 220, 222, 585 P.2d 240, 242 (1978).

Scottsdale does not argue that the employee exclusions alone comport with the requirement of the Financial Responsibility Act and Arizona's public policy. Rather, it claims that worker's compensation exclusions are authorized by A.R.S. § 28–1170(E), Monares may be eligible for worker's compensation coverage, and if such coverage is available to him, there is no public policy violation.

A.R.S. § 28–1170(E) provides, in part, that:

> The motor vehicle liability policy need not insure liability under any workers' compensation law nor liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the motor vehicle.

The purpose of this subsection is to avoid requiring an employer to purchase insurance from both the worker's compensation carrier and the motor vehicle liability insurer. *State Farm Mutual Automobile Insurance Company v. Karasek*, 22 Ariz. App. 87, 523 P.2d 1324 (1974). This subsection, § 28–1170(E), "contemplates a situation where an employer may be exposed to liability to an employee for an injury covered by workmen's compensation." *Allied Mutual Insurance Company v. Larriva*, 19 Ariz.App. 385, 388, 507 P.2d 997, 1000 (1973).

The uncontested facts are that Wilcoxson, the employer, did not have worker's compensation coverage. Scottsdale con-

tends that Monares may have applied and then withdrawn his application for worker's compensation. However, Scottsdale may not resist summary judgment with general allegations or statements of its attorney. *Matter of Estate of Kerr*, 137 Ariz. 25, 667 P.2d 1351 (App.1983). It had the burden of showing that evidence was available to justify trial. *W.J. Kroeger Co. v. Traveler's Indemnity Company*, 112 Ariz. 285, 541 P.2d 385 (1975). That burden was not met.

Scottsdale also argues that a factual issue remains as to whether Monares may have secured "special fund" coverage. The "special fund" provision is A.R.S. § 23–907(B), which states:

> An employee of [an employer required to provide worker's compensation who does not so provide] ... may, in lieu of proceeding against the employer by civil action in court, file his application with the commission for compensation in accordance with the provisions of this chapter, and the commission shall hear and determine the application for compensation in the manner other claims are heard and determined before the commission. The compensation so determined shall be paid from the special fund established by § 23–1065 to the person entitled thereto after a finding and award for benefits has been issued and becomes final.

A.R.S. § 23–907(A) provides that an employer who fails to comply with the worker's compensation statutes may be held liable under any other applicable law. By the terms of § 23–907(B), once an employee chooses to bring a civil suit against an employer, that employee is precluded from resorting to the "special fund." Section 23–1024(B) further emphasizes that "an employee ... who exercises any option to institute a proceeding in court against his employer waives any right to compensation."

The special fund statute offers an injured employee whose employer failed to secure worker's compensation insurance a choice of pursuing a remedy under the special fund or a civil suit against the employer. Appellant's proposed interpreta-

tion of the worker's compensation exclusions would effectively take away this statutory choice. In order to have his injuries covered by insurance, as the Financial Responsibility Act demands, Monares would be forced to resort to § 23–907, the special fund statute. We cannot agree with this construction of the exclusions.

Given the undisputed facts, Monares has no worker's compensation coverage available. His civil suit against Wilcoxson eliminated the question of whether he may now recover under § 23–907. See *Spear v. Industrial Commission*, 114 Ariz. 601, 562 P.2d 1099 (App.1977). Because neither the insured nor insurer may now be held liable under any worker's compensation, or any similar law, the worker's compensation exclusions are inapplicable. As we have noted, appellant does not attempt to argue that without worker's compensation coverage the employee exclusions are in accord with Arizona's public policy. Therefore, we hold that the exclusions at issue do not deny coverage. The trial court's grant of summary judgment is affirmed.

Appellees will be awarded their attorney's fees upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure, 17A, A.R.S.

Affirmed.

HOWARD, P.J., and LIVERMORE, J., concur.