**William SPELL and Ernie Spell, d/b/a Ace Stables, Plaintiffs–Respondents,**

v.

**FARM BUREAU TOWN AND COUNTRY INSURANCE COMPANY OF MISSOURI, Defendant–Appellant.**

**No. 63527.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 4, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1994.

Application to Transfer Denied
March 22, 1994.

Eric M. Martin, Valley Park, for defendant-appellant.

Tremayne, Lay, Carr, Bauer & Nouss, Eugene E. Coon, Jr., Clayton, for plaintiffs-respondents.

CRANDALL, Presiding Judge.

Defendant, Farm Bureau Town and Country Insurance Company of Missouri, appeals from the judgment of the trial court in a court tried case awarding plaintiffs, Ernie and William Spell, damages for the loss of their vehicle due to theft. We affirm.

On June 26, 1986, Weslee Spell, the nineteen year-old son of William and Beverly Spell, wrecked a 1984 pick-up truck. The truck was owned by William and Ernie Spell and was used for business purposes. The truck was insured through a policy of insurance with defendant. An endorsement was attached to the policy which provided that all coverage under the policy would be null and void while any vehicle was being operated by Weslee Spell. Weslee Spell knew that he was not allowed to drive any vehicles owned by plaintiffs.

Weslee Spell left his parents' home in 1984 returning only periodically for no more than a week. Two days before the accident William and Weslee got into an argument and William told his son to get his things and leave. Weslee left the house and returned twice, the second time with the police to get some of his clothes.

Beverly Spell received a phone call on June 26, 1986, from the police, asking whether she had a red and white Ford pick-up. She looked outside realizing the truck was missing. She then drove to Mexico, Missouri, where her son was in the hospital refusing to identify himself to the police. The keys to the truck had been kept on the top of the refrigerator in a ceramic dish with a lid. The dish was found on the lawn and the keys and approximately $14.00 were missing. The keys were in the truck when it was found by the police. Since the accident, the parents have seen their son only once. William Spell attempted to have his son prosecuted for theft, but the prosecuting attorney declined prosecution.

The parties stipulated at trial that plaintiffs' policy was in effect on June 26, 1986, and that Weslee Spell was driving the vehicle at the time of the accident. It was further stipulated that if the vehicle was stolen, the loss was covered under the physical damage portion of the policy which provided for coverage for loss, inter alia, due to theft. The issue at trial was whether the driver restriction endorsement attached to the policy excluded coverage under the comprehensive portion of the policy. After a bench trial, the court entered a judgment in favor of plaintiffs and against defendant in the amount of $8,350.

Defendant first claims that the trial court erred in rendering a judgment against defendant because the evidence showed that an excluded driver operated the car at the time of the accident and therefore there was no coverage under the insurance policy.

Defendant relies on *Deutsch v. State Farm Mutual Automobile Ins. Co.*, 457 S.W.2d 823 (Mo.App.1970). In *Deutsch*, the insured's seventeen year-old son, took his father's car without his permission and wrecked it, killing himself. The policy provided coverage for the son only when accompanied by a parent. A judgment in favor of insurer was affirmed on appeal. The *Deutsch* court correctly held that by virtue of the exclusionary provision there was no coverage under the policy while the vehicle was driven by the plaintiff's son without the plaintiff's permission. The issue of whether a theft occurred, thereby triggering coverage under the comprehensive portion of the policy, was not addressed. Since *Deutsch* did not reach the issue presented in this case, it is not controlling. *See Ranger Ins. Co. v. Ailshire*, 551 S.W.2d 896 (Mo.App. 1977).

■ When an article insured against theft is stolen and is subsequently damaged under circumstances which, but for the theft, would fall within an exclusionary provision, the loss is recoverable under the theft provision and the exclusionary clause is inapplicable. *Id.* at 899. Here the policy excludes coverage if Weslee Spell operated the truck with or without the consent of plaintiffs. If, however, he stole the vehicle, coverage is provided under the comprehensive portion just as if a stranger had stolen the vehicle. Defendant's first point is denied.

Defendant next argues that the trial court erred in entering judgment in favor of plaintiffs because there was not sufficient evidence to establish that a theft occurred.

When as here, there were no findings of fact or conclusions of law, all fact issues are considered as having been found in accordance with the result reached. *White v. American Republic Insurance Company*, 799 S.W.2d 183, 190 (Mo.App.1990). Theft is not defined in plaintiffs' policy. We therefore give the term a common and ordinary meaning that is understandable to the average person. *Turnbough v. Farmers Ins. Co.*, 720 S.W.2d 752, 755 (Mo.App.1986). Theft is a taking without the owner's consent with the intent to permanently deprive the owner of the property. *Id.*

There is substantial evidence in the record to support a finding that a theft occurred. Weslee Spell had not driven any of plaintiffs' vehicles since 1984. He knew that he was not allowed to drive any vehicles owned by plaintiffs. He and his father had an argument two days before the incident in which his father ordered him to leave and Weslee returned with the police to get his clothes. On the morning of the incident Beverly Spell did not realize the truck was missing until she received a phone call from the police. The dish which had contained the truck keys was found in the bushes on the front lawn with money missing. William Spell requested that his son be prosecuted for theft. Since the accident the Spells have only seen their son once. Thus, there is substantial evidence to support the finding that Weslee Spell stole the insured truck. Defendant's final point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.