763 P.2d 246

**SECURITY INSURANCE COMPANY OF HARTFORD, a Connecticut corporation, Plaintiff–Appellee,**

v.

**Darryl Don ANDERSEN, as Trustee of the Don Thomas Andersen Living Trust; Darryl Don Andersen, Dana Lyle Andersen, Boyce Andersen, and Lorene Sorensen, children of Don Thomas Andersen, deceased; Robert Wilson, Special Administrator of the Estate of Don Thomas Andersen, deceased; Mary Jean Alder, surviving spouse of Paul Jeffrey Alder Living Trust, and as natural parent and next friend of Dustin Alder, Lori Alder, and Rohn Alder, children of Paul Jeffrey Alder, deceased; Francis M. Cooper, surviving spouse of Forrest W. Cooper, Jr., deceased, Trustee of the Forrest W. Cooper, Jr. Living Trust, and personal representative of the Estate of Forrest W. Cooper, Jr., deceased, Defendants–Appellants.**

**No. CV–86–0616–PR.**

Supreme Court of Arizona,
En Banc.

Oct. 4, 1988.

Beer & Toone, P.C. by Donald P. Roelke, Thomas L. Toone, Phoenix, for appellee/cross-appellant.

Teilborg, Sanders & Parks, P.C. by David J. Damron, Coni Rae Good, Phoenix, for appellants/cross-appellees Alder.

Miller & Pitt, P.C. by John L. Tully, Tucson, for appellant/cross-appellee Cooper.

Ryan & Ryan by Thomas M. Ryan, Chandler, Joe V. Anderson, Congress, for appellants/cross-appellees Anderson, Sorenson and Wilson.

GORDON, Chief Justice.

Security Insurance of Hartford (Security) sought review in this court of a court of appeals' opinion that held, *inter alia,* that in order for an insurance company to deny coverage pursuant to a policy exclusion based on an aviation regulation, there must be a causal connection between the violation of the regulation and the actual loss incurred. *Security Ins. Co. of Hartford v. Andersen,* 158 Ariz. 431, 439–441, 763 P.2d 251, 259–261 (App.1986). We granted review on this issue. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23 17A A.R.S. We now reverse.

I. FACTS

The undisputed facts of this case are presented in great detail in the court of appeals' opinion. We will repeat only those facts necessary to resolve the issue presently before us.

Security issued a comprehensive aviation insurance policy to Don Andersen on September 9, 1981. The "pilots clause" of the policy, which appeared in the Declarations, states:

> 7. PILOTS. The coverage afforded by this policy shall not apply while the aircraft is operated in flight by other than the following pilots:
> As Endorsed.

The "approved pilots endorsement" of the policy stated:

> In consideration of the premium for which this policy is written, it is under-

stood and agreed that the coverage afforded by this Policy shall apply only while the aircraft is operated in flight by the pilot(s) designated below and then only if the said pilot(s) is properly certificated and rated by the FAA as shown below, has the minimum flying experience, all as indicated below, *and in addition holds a valid and current medical certificate of the appropriate class:*

(1) Don T. Anderson [sic] providing he holds a Certificate designating him as a: Private Pilot WITH THE FOLLOWING RATING(S): Single–Engine Land.

(Emphasis added.)

Further, the "EXCLUSIONS" portion of the policy provided that:

This Policy does not apply and no coverage is afforded:

. . . .

2. While the aircraft is in flight;

(a) If piloted by other than the pilot or pilots designated in the Declarations or endorsed hereon;

(b) If piloted by a person not properly certificated, rated, and qualified under the current applicable Federal Air Regulations for the operation involved whether said pilot is designated in the Declarations or endorsed hereon or not;

. . . .

At the time of the accident, 14 C.F.R. § 61.3(c) provided in relevant part:

*Medical certificate.* . . . [N]o person may act as pilot . . . of an aircraft, . . . unless he has in his personal possession an appropriate current medical certificate issued under part 67 of this chapter.

It is undisputed that Andersen held no valid, current medical certificate at the time of the accident. His previous certificate had expired on May 30, 1981. There is no evidence concerning why Andersen did not renew his medical certificate.

On October 6, 1981, decedents Andersen, Paul Alder, and Forrest Cooper, Jr., were flying in Andersen's plane. The plane crashed, and all three men were killed.

Security, after discovering that Andersen had no medical certificate at the time of the accident, brought an action seeking a declaration that its policy did not cover the accident. The trial court resolved the issue in Security's favor by summary judgment. The court of appeals reversed, holding that Security could not enforce its policy exclusion based on Andersen's failure to have a valid medical certificate, because it found that his failure to have such a certificate was not causally related to the accident.[1]

## II. ANALYSIS

■ Where ambiguity in an insurance contract exists, the policy will be construed against the insurer. *See, e.g., Roberts v. State Farm Fire and Casualty Co.,* 146 Ariz. 284, 285–86, 705 P.2d 1335, 1336–37 (1985); *Stearns–Roger Corp. v. Hartford Accident and Indem. Co.,* 117 Ariz. 162, 165, 571 P.2d 659, 662 (1977). This is especially true where the ambiguity involves an exclusionary clause. *Roberts,* 146 Ariz. at 286, 705 P.2d at 1337; *Mission Ins. Co. v. Nethers,* 119 Ariz. 405, 408, 581 P.2d 250, 253 (App.1978).

These rules of construction apply, however, only where there is ambiguity. Where the policy language is clear, a court may not take "the easy way out" by inventing ambiguity, and then resolving it to find coverage where none exists under the policy. *See Transamerica Ins. Group v. Meere,* 143 Ariz. 351, 355, 694 P.2d 181, 185 (1984); *Travelers Indem. Co. v. State,* 140 Ariz. 194, 197, 680 P.2d 1255, 1258 (App. 1984). As we have said, a "court should not attempt to revise the policy to increase the risk or extend liability just to accomplish a so-called good purpose." *Stearns–Roger Corp.,* 117 Ariz. at 165, 571 P.2d at 662.

■ Applying these principles to the case at hand, there is no question that the insurance policy did not provide coverage for the plane crash at issue. The policy

---

1. Although Security sought review on the issue of the court of appeals' holding that the accident was not causally related to the breach of the policy provision, we declined to review that issue.

provided that "coverage ... shall apply only while the aircraft is operated in flight by the pilot(s) designated below and then only if the pilot(s) ... holds a valid and current medical certificate of the appropriate class."

Andersen does not really dispute this. Nonetheless, he argues, and the court of appeals agreed, that aviation insurance coverage may not be denied under an applicable exclusion where the excluded risk had no causal connection to the particular loss suffered by the insured. The court of appeals recognized that this issue has been litigated in many other jurisdictions and that the decided cases are "irreconcilably in disagreement."

Of the courts that have considered this issue, the majority has held that aviation insurers can avoid liability due to a breach of an insurance policy provision, even when the breach did not cause the accident, so long as the policy language is unambiguous. *See* Annotation, *Aviation Insurance: Causal Link Between Breach of Policy Provisions and Accident as Requisite to Avoid Insurer's Liability*, 48 A.L.R. 4th 778 (1986). *See Security Ins. Co.*, 158 Ariz. at 439, 763 P.2d at 259 (collecting cases). The minority holds that the breach of a policy provision must be causally linked to the loss before the insurance company can avoid coverage. *See* Annotation, *supra*, at 783.

After examining the policies supporting each view, the court of appeals adopted the minority view,[2] believing that this approach was more consistent with Arizona law. *Security Ins. Co.*, at 440, 763 P.2d at 260 (citing *Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 650 P.2d 441 (1982); *Kepner v. Western Fire Ins. Co.*, 109 Ariz. 329, 509 P.2d 222 (1973); *Lindus v. Northern Ins. Co.*, 103 Ariz. 160, 438 P.2d 311 (1968)).

We disagree, and hold that under the facts of this case, where the exclusion was narrow and specifically delineated what was and what was not covered, where the relevant clause was an *exclusion* of coverage (as opposed to some kind of condition subsequent), and where the exclusion was completely unambiguous, the majority approach is more consistent with Arizona law. In this case, no causal connection need be proved.

The rationale for a court not imposing a causal connection when none is indicated in the policy is clear.

An insurance policy is a contract. In this one the parties expressly "agreed that coverage provided by this policy [ ... ] shall not apply while such aircraft is in flight unless the pilot in command of the aircraft is properly certificated. * * * " The clear meaning of this language is not that the risk is excluded if damage to the aircraft is *caused* by failure of the pilot to be properly certificated, but that the risk is excluded if damage occurs *while* the aircraft is being flown by a pilot not properly certificated. Under such circumstances coverage under the policy simply did not exist and it was not necessary for the insured to show any causal connection between the breach of the exclusionary clause and the insured's loss.

*Baker v. Ins. Co. of North America*, 10 N.C.App. 605, 608, 179 S.E.2d 892, 894 (1971) (emphasis in original). *See also Bruce v. Lumbermens Mutual Casualty Co.*, 222 F.2d 642 (4th Cir.1955); *Arnold v. Globe Indem. Co.*, 416 F.2d 119 (6th Cir. 1969).

We find the *Baker* court's statements in accord with Arizona law. It has long been the policy of this court that:

[The insurer] may lawfully exclude certain risks from the coverage of its policy, and where damage occurs during operation of the insured aircraft under circumstances as to which the policy excludes coverage, there is no coverage.

*Pacific Indem. Co. v. Kohlhase*, 9 Ariz. App. 595, 597, 455 P.2d 277, 279 (1969)

---

**2.** More specifically, the court of appeals adopted a modified minority approach, which holds that in order for an insured to collect despite violating a policy exclusion, the insured must show that the violation was not the cause of the accident. *See* 158 Ariz. at 439–440, 763 P.2d at 259–260 (adopting the rationale of *O'Connor v. Proprietors Ins. Co.*, 696 P.2d 282 (Colo.1985).

(*quoted in Omaha Sky Divers Parachute Club, Inc. v. Ranger Ins. Co.*, 189 Neb. 610, 613, 204 N.W.2d 162, 164 (1973)). Other courts adopting this approach warn that to hold otherwise would allow courts to ignore the plain language of an insurance policy exclusion whenever they feel an insurer should not be allowed to avoid liability for an accident unrelated to a policy exclusion. *See, e.g., Security Mutual Casualty Co. v. O'Brien*, 99 N.M. 638, 662 P.2d 639 (1983). We find this reasoning both persuasive and in keeping with Arizona law. *See Pacific Indem. Co. v. Kohlhase*, 9 Ariz.App. 595, 455 P.2d 277 (1969); *Stearns–Roger Corp. v. Hartford Accident & Indem. Co.*, 117 Ariz. 162, 571 P.2d 659 (1977); *Mission Ins. Co. v. Nethers*, 119 Ariz. 405, 581 P.2d 250 (App.1978).

We also believe, as do a majority of the courts that have considered this question, that public policy favors a rule that encourages owners and operators of aircraft to obey and satisfy safety regulations applicable to their operation of aircraft. *See Security Mutual Casualty Co. v. O'Brien*, 99 N.M. at 640, 662 P.2d at 641.

■ This is not to say, however, that we will always permit a company to deny coverage based on what it labels an exclusion or a condition precedent under a policy. It is well established that parties to an insurance agreement may contract for any lawful coverage, and that an insurance company has the right to limit its liability by imposing conditions and restrictions on its contractual obligations; however, these conditions and restrictions may not be inconsistent with public policy. *Kepner v. Western Fire Ins. Co.*, 109 Ariz. 329, 330, 509 P.2d 222, 223 (1973). Thus, the question becomes, does the provision under which the insurer seeks to avoid coverage violate the public policy?

In the case at bar, the court of appeals believed public policy favors a rule that for an insurer to avoid coverage, a causal connection between a breach of a policy provision and the loss must be shown. In reaching this conclusion, the court of appeals relied, in part, on *Lindus v. Northern Ins. Co.*, 103 Ariz. 160, 164, 438 P.2d 311, 315 (1968). In *Lindus,* we held that an insured's failure to give notice as required by his policy does not release an insurer from its contractual liability unless the insurer can show prejudice therefrom. We adhered to this view, even though providing notice was made an express condition precedent in the insurance policy. *Id.*

We find the present case distinguishable. Though it is not dispositive, we recognize that an exclusion is qualitatively different than a notice provision, however demarcated. The *Lindus* court referred to a notice provision as a "forfeiture clause." *Id.* Such clauses are traditionally disfavored by courts. *Compare Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 145, 650 P.2d 441, 447 (1982) (" '[A]lthough the policy may speak of the notice provision in terms of "condition precedent," . . . nonetheless what is involved is a forfeiture, for the carrier seeks, on account of a breach of that provision, to deny the insured the very thing paid for. . . .' "); *with O'Brien*, 99 N.M. at 639–40, 662 P.2d at 640–41 (effect of violating an *exclusion* is that there never was coverage for the act). Thus, no forfeiture is involved.

■ Of course, this court will not enforce *any* part of an insurance contract—even an exclusion—where it is unconscionable. This is the import of *Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. at 144, 650 P.2d at 446:

> If [a provision in an insurance agreement is] held invalid, it must be on the ground that the terms are unconscionable and that unfair advantage has been taken of a claimant whose bargaining position was inferior.

(emphasis in original) (quoting 1A Corbin, Contracts § 218, at 311–12 (1963)).

■ In the instant case, we do not believe the contract exclusion is unconscionable. The language of exclusion, based on a FAA regulation that is obviously related to safety, is clear and unambiguous. It specifically delineated within the policy language itself that no coverage is afforded while the plane was piloted by one not holding a valid medical license. Moreover, this exclusion was not so broad as to render the insurer's risk a nullity. We might reach a different result if a policy excluded coverage "in all cases where *any* violation

of *any* FAA regulation is involved." As our court of appeals aptly stated in another context:

> Words of exclusion in insurance policies should be given small tolerance when insurance companies choose to use words of imprecision. Indeed, the logic of Ranger's argument for exclusion would be to engraft as exceptions to coverage the violation of every proscribed peccadillo of FAA regulations. ... [I]t cannot be that every impaired capillary blocks coverage. *Almost all airplane accidents involve some violation of the Federal Aviation Regulations. Even "careless flying," or simply negligence, is a violation. See* 14 C.F.R. § 91.9.... Applying this analysis, the insuring agreements become illusory in effect since few accidents occur without the aircraft's owner or pilot violating one or more of very detailed regulations promulgated by the Federal Aviation Administration. [Inserting such a provision] would be to hoodwink most insurance purchasers, for it would make a nullity of most coverage.... Any intent to use general words as a blunderbuss and every single regulation as birdshot cannot be reasonably upheld. *If an insurance company has an intent to deny coverage in a specific set of circumstances, then it should so delineate.*

*Ranger Ins. Co. v. Phillips,* 25 Ariz.App. 426, 432–33, 544 P.2d 250, 256–57 (1976) (citations omitted) (emphasis added); *see also O'Conner v. Proprietors Ins. Co.,* 696 P.2d 282, 285 (Colo.1985) ("A clause which would deny coverage when an accident occurs while the aircraft was in violation of any FAA regulation may violate public policy.... [S]uch a clause would in effect allow the insurer to receive premiums when realistically it is not incurring any risk of liability.").

## III. DISPOSITION

We hold that under the facts of this case the court of appeals erred in holding that Security could only deny coverage under its policy with Andersen if the breach of the provision requiring a medical certificate was causally related to the aircraft accident. We vacate such parts of the court of appeals' opinion as are inconsistent with this opinion and reinstate the trial court's judgment on that issue.

CAMERON and HOLOHAN, JJ., and JACOBSON and BROOKS, Judges, concur.

FELDMAN, V.C.J., and MOELLER, J., did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, EINO M. JACOBSON and J. THOMAS BROOKS, Judges, Court of Appeals, Division One, were designated to sit in their stead.