
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECILIA V. GREGORIO, | No. 11-17490 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00407-JRG |
| v. | |
| GEICO GENERAL INSURANCE COMPANY, et al. | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Joseph R. Goodwin, Chief District Judge, Presiding

Argued and Submitted June 13, 2013
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and VANCE, Chief
District Judge.[**]

Plaintiff-Appellant Cecilia Gregorio appeals the district court's grant of

summary judgment to defendant GEICO Insurance Company on her claims of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sarah S. Vance, Chief District Judge for the U.S.
District Court for the Eastern District of Louisiana, sitting by designation.

1

breach of contract and breach of good faith and fair dealing. These claims are based on GEICO's refusal to pay Gregorio uninsured/underinsured ("UM/UIM") benefits under her umbrella insurance policy. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.[1]

I

This court reviews *de novo* the district court's grant of summary judgment. Buono v. Norton, 371 F.3d 543, 545 (9th Cir. 2004). "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is

---

[1] As a preliminary matter, we address GEICO's motion to strike several portions of Gregorio's Excerpts of Record (EOR). GEICO contends that these documents were not filed with the district court, as is required by Federal Rule of Appellate Procedure 10(a). That motion is GRANTED IN PART.

Gregorio has waived any arguments based on facts not before the district court when it rendered summary judgment. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1321 (9th Cir. 1998). We therefore will not admit into the record documents filed in the district court after its consideration of the summary judgment motion. Accordingly, we strike those portions of Gregorio's EOR that were not before the district court before it denied Gregorio's motion to reconsider the grant of summary judgment, to wit:

    (1)    All pages of plaintiff's Exhibit 1 *except* 1-8, 14-21, 25-26, 29-30, 37, 41-53, 58-59, 62-63, 65-68, 85-105, 110-125, 129-152, 162-173, 182-185, 194-201, 206-212, 214-221, 226-233, 235, and 238-241.
    (2)    ER Vol. 2, page 82 (the first page of plaintiff's Exhibit 2).
    (3)    Plaintiff's Exhibit 5.

GEICO's motion to strike is denied insofar as it relates to Exhibit 1, pages 1-8, 66-68, 85, 129, 151-52, 210-12; and Exhibit 2, page 2, because these documents were presented to the district court with plaintiff's motion for reconsideration.

entitled to judgment as a matter of law." Karuk Tribe of Cal. v. U.S. Forest Serv., 681 F.3d 1006, 1017 (9th Cir. 2012).

## II

The district court was correct in holding that Gregorio's umbrella policy unambiguously lacks UM/UIM coverage. The policy expressly excludes "[p]ersonal injury or property damage resulting from an uninsured or underinsured motorist claim unless a premium is shown for the uninsured or underinsured motorist coverage in the declarations." The declarations page, in turn, does not list a premium for UM/UIM coverage. Moreover, the umbrella policy provides only third-party liability coverage, as it covers only "damages an insured must pay (1) legally; or (2) by agreement with [GEICO's] written consent; because of personal injury or property damage covered by this policy." These provisions unambiguously demonstrate that the umbrella policy does not provide UM/UIM coverage.

## III

Gregorio argues that even if the plain language of the policy does not include UM/UIM coverage, the district court erred by failing to take into account her reasonable expectations of coverage.

3

In Arizona, courts apply the reasonable expectations doctrine to claims based on standardized insurance contracts. See First Am. Title Ins. Co. v. Action Acquisitions, LLC, 187 P.3d 1107, 1113 (Ariz. 2008) (en banc); Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., 682 P.2d 388, 396-99 (Ariz. 1984). Arizona courts generally limit the application of the doctrine to four contexts:

> 1. Where the contract terms, although not ambiguous to the court, cannot be understood by the reasonably intelligent consumer who might check on his or her rights, the court will interpret them in light of the objective, reasonable expectations of the average insured;
> 2. Where the insured did not receive full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage;
> 3. Where some activity which can be reasonably attributed to the insurer would create an objective impression of coverage in the mind of a reasonable insured;
> 4. Where some activity reasonably attributable to the insurer has induced a particular insured reasonably to believe that he has coverage, although such coverage is expressly and unambiguously denied by the policy.

Gordinier v. Aetna Cas. & Sur. Co., 742 P.2d 277, 283-84 (Ariz. 1987) (internal citations omitted). Gregorio's claim falls into none of these categories.

The first Gordinier category is not applicable because a reasonably intelligent consumer could easily understand that there is no suggestion of UM/UIM coverage in the GEICO policy. The exclusion of UM/UIM coverage is itself plain, and the coverage provision clearly states that the policy covers only

4

damages the *insured* must pay.  Further, the policy excludes "personal injury to any insured," and provides that it pays damages "on behalf of," not "to," an insured.

The second category is inapplicable because Gregorio received a copy of the policy, which set forth the UM/UIM exclusion in plain language on the third page of a six-page document. The exclusion was not buried in an unexpected section of a voluminous policy. Further, the provision hardly "emasculates apparent coverage," as the coverage provision of the policy states that it applies to the *insured's* liability to pay damages, the policy is entitled "Personal Umbrella Liability Insurance Agreement," and the policy includes no first-party coverage.

Nor does Gregorio's case fall within either the third or the fourth <u>Gordinier</u> category. Her threadbare recollection of a nine-year old conversation with a GEICO representative, in which she does not recall whether UM/UIM coverage was mentioned, does not provide more than a "mere . . . scintilla of evidence" supporting her reasonable expectations claim. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). Gregorio could not dispute that a different GEICO representative called her back with a quote for an umbrella policy.  That representative denied having made any representation to Gregorio that UM/UIM insurance was included in the policy and averred that she explained that the policy

5

was a liability policy. Gregorio could not dispute this testimony because she could not recall the details of the conversation.

Thus, the record contains no probative evidence that GEICO engaged in any activity that would create an objective impression of coverage in the mind of a reasonable insured, or that induced this particular insured to believe that she had coverage. See Gordinier, 742 P.2d at 284. Gregorio's recollection is too vague to indicate that she clearly conveyed to GEICO her desire that UM/UIM coverage be included in her umbrella policy, much less that GEICO assured her that the coverage would be included. See First Am. Title Ins. Co., 187 P.3d at 1114 (noting that a subjective expectation of coverage on the part of the insured, without more, does not trigger the reasonable expectations doctrine). Deviation from the written terms of an insurance policy must be based on something more than an insured's "fervent hope usually engendered by loss," Darner, 682 P.2d at 395, and the reasonable expectations doctrine "does not require insurers to read their insureds' minds." Sec. Ins. Co. of Hartford v. Andersen, 763 P.2d 251, 258 (Ariz. Ct. App. 1986), vacated in part, 763 P.2d 246 (Ariz. 1988). Accordingly, the district court did not err in granting summary judgment.

IV

Given the unambiguous language of the policy, and that Gregorio has failed to demonstrate that she had a reasonable expectation of UM/UIM coverage, her bad faith claim against GEICO is also without merit. See Deese v. State Farm Mut. Auto. Ins. Co., 838 P.2d 1265, 1267-68 (Ariz. 1992) (en banc) (bad faith claim requires showing "the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim").

V

Gregorio also contends that the district court erroneously relied on two articles describing umbrella policies in its analysis of Gregorio's coverage. The district court's citation of the articles was not an abuse of discretion since the court referred to the articles only to confirm its legal conclusion that Gregorio's policy provided only liability insurance. In any event, because the policy at issue unambiguously excluded UM/UIM coverage and Gregorio's reasonable expectations claim fails, any such error is harmless.

VI

Because we hold that Gregorio's reasonable expectations claim fails on the merits, we need not address GEICO's argument that the claim is barred by the

statute of limitations. <u>See</u> <u>United States v. Gonzales</u>, 669 F.3d 974, 979 (9th Cir. 2012) (court of appeals "may affirm on any ground supported by the record").

**AFFIRMED**.