NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DANIEL L. KIRKLAND, *Plaintiff/Appellant,*

*v.*

OLD UNITED CASUALTY COMPANY, *Defendant/Appellee.*

No. 1 CA-CV 14-0427
FILED 10-22-2015

Appeal from the Superior Court in Maricopa County
No. CV2012-011997
The Honorable Douglas L. Rayes, Judge (Retired)

**AFFIRMED**

COUNSEL

Stone Law Firm, PLC, Tempe
By C. Randall Stone
*Counsel for Plaintiff/Appellant*

Clark Hill, PLC, Scottsdale
By Darrell E. Davis, Mark S. Sifferman
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

_____

**D O W N I E**, Judge:

**¶1**   Daniel L. Kirkland appeals the superior court's grant of summary judgment to Old United Casualty Company. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2**   On March 30, 2012, Kirkland was involved in an accident while piloting a Focke-Wulf FW-190 airplane.[1] During the landing, the airplane veered off the runway and sustained damage. According to a report prepared by the National Transportation Safety Board, Kirkland failed to maintain "directional control of the airplane during the landing roll." The flight was Kirkland's first time piloting the FW-190.

**¶3**   Kirkland — the plane's owner — had purchased ground and flight insurance from Old United. Old United denied coverage for damages arising from the accident, taking the position Kirkland was not an approved pilot under the policy. Kirkland sued Old United in superior court, alleging breach of contract and bad faith.

**¶4**   Old United filed a motion for summary judgment, which the superior court granted. The court awarded Old United its costs and attorneys' fees, and this appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

_____

[1]   The plane at issue is a reproduction of the Focke-Wulf FW-190, which was a German single-seat, single-engine fighter aircraft used during World War II. The FAA categorizes the plane as an "experimental category aircraft."

**DISCUSSION**

**¶5**        As identified by Kirkland, the issue before us is whether the superior court "erred in finding that [he] was not an approved pilot under the contract of insurance during his flight." The interpretation of an insurance contract presents a question of law that we review *de novo*. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 534 (1982). We review the facts and the record in the light most favorable to Kirkland, the party against whom summary judgment was entered. *Gulf Ins. Co. v. Grisham*, 126 Ariz. 123, 124 (1980).

**¶6**        "It is well established that parties to an insurance agreement may contract for any lawful coverage, and that an insurance company has the right to limit its liability by imposing conditions and restrictions on its contractual obligations." *Sec. Ins. Co. of Hartford v. Andersen*, 158 Ariz. 426, 430 (1988); *see also Pac. Indem. Co. v. Kohlhase*, 9 Ariz. App. 595, 597 (1969) (insurer "may lawfully exclude certain risks from the coverage of its policy"). In *Andersen*, our supreme court upheld summary judgment in favor of the insurer because the pilot did not hold a valid and current medical certificate at the time of the crash, which was a condition of the policy. 158 Ariz. at 427-28, 431. Interpreting the insurance contract, the court observed that "[t]he language of exclusion, based on a FAA regulation that is obviously related to safety, is clear and unambiguous." *Id.* at 430. More recently, this Court applied this same standard in a case involving a pilot who failed to log the minimum number of flight hours required for coverage under an insurance policy. *Potter v. U.S. Specialty Ins. Co.*, 209 Ariz. 122, 125, ¶ 11 (App. 2004). In affirming summary judgment for the insurer, we acknowledged the company's right to "limit its liability for losses associated with inexperienced pilots." *Id.* at 124, ¶ 9.

**¶7**        The insurance policy at issue limits coverage to flights flown by "approved pilots" and imposes conditions that must be satisfied before coverage applies:

> **ITEM 7.  *APPROVED PILOTS*** – During each "Approved Use" as defined in Item 6, the aircraft must be operated in-flight only by the "Approved Pilots" shown below who must have a current and proper (1) medical certificate and (2) pilot certificate with necessary ratings as required by the FAA for each flight. There is no coverage under the policy if the pilot does not meet these requirements.

> Lee Lauderback and Stewart Dawson and Bill Muzala

> Dan Kirkland is required to receive a check ride and sign off by Lee Lauderback in the same make and model aircraft insured herein and 25 hours solo in the same make and model aircraft insured herein prior to . . . completing a check ride with Stewart Dawson.

Absent compliance with the approved pilot conditions established in Item 7, the insurance policy made clear that no coverage existed.[2]

**¶8** The record establishes that Kirkland failed to satisfy the conditions required to be an "approved pilot" under the terms of the policy. He never completed a check ride with either Lee Lauderback or Stewart Dawson in a FW-190.[3] Indeed, Kirkland admitted in the superior court that he had not completed a check ride, arguing it would be "impossible in a single seat aircraft" such as the FW-190. FAA regulations, however, state that a practical test *can* be conducted in a single seat airplane "if the [e]xaminer is in a position to observe the applicant during the practical test . . . ."[4] 14 C.F.R. §§ 61.63(g), 61.45(e). During such a test, "the inspector observes the applicant from the ground or from another aircraft." FAA Order 8900.1, Flight Standards Information Management System, Vol. 5, Ch. 1, section 4, § 5-84(e).

---

[2] Under the section entitled "General Provisions and Conditions," the policy states: "When the aircraft is in-flight, you must make certain that the pilots are 'approved pilots' in Item 7 of the PSP [policy summary page]. There is no coverage if this requirement is not met."

[3] Kirkland flew with Lauderback in a TF-51 Mustang in January 2012, after which Lauderback gave Kirkland a sign off indicating he was ready to proceed with a FW-190 check ride.

[4] The regulations provide:

> An applicant for a type rating . . . in a single engine airplane with a single-pilot station must perform the practical test in the multi-seat version of that single engine airplane, or the practical test may be performed in the single-seat version of that airplane if the Examiner is in a position to observe the applicant during the practical test and there is no multi-seat version of that single engine airplane.

14 C.F.R. § 61.63(g).

¶9 Additionally, Kirkland failed to complete the twenty-five hours of solo flight in a FW-190 that was expressly required by policy Item 7. Kirkland concedes he had only "begun to fly up to 25 hours when the accident occurred."

¶10 As a final and independent basis for denying coverage, the record established that at the time of the accident, Kirkland was piloting the Focke-Wulf FW-190 without proper FAA authorization. The insurance policy required each approved pilot to have a "pilot certificate with necessary ratings as required by the FAA for each flight." Old United asserts, without contradiction, that on the day of the accident, "Kirkland was piloting the aircraft on an expired FAA Letter of Authorization." Kirkland contends, however, that the policy did not require him to obtain a letter of authorization or any other FAA authorizations.

¶11 The FAA can issue letters of authorization in lieu of a type rating and will do so in the case of experimental aircraft for which a type rating has not been established. *See* 14 C.F.R. § 61.31(b); FAA Order 8900.1, Flight Standards Information Management System, Vol. 5, Ch. 9, section 2, § 1578(A)(1) and (2). "Issuance of this [letter of] authorization parallels the issuance of a type rating under Title 14 of the Code of Federal Regulations (14 CFR) part 61." FAA Order 8900.1, § 1578(B)(3).

¶12 The Focke-Wulf FW-190 is an experimental aircraft, and the FAA issued Kirkland a "temporary letter of authorization," authorizing him to receive "pilot training and practice" on the aircraft. The temporary authorization expired on March 24, 2012 — six days before the accident. Accordingly, at the time of the accident, Kirkland was piloting the FW-190 without FAA authorization.

¶13 Kirkland failed to meet several conditions necessary to become an "approved pilot" under the policy, justifying Old United's denial of coverage. *See Kohlhase*, 9 Ariz. App. at 597 ("[W]here damage occurs during the operation of a plane under circumstances as to which the policy excludes coverage, there is no coverage."). Accordingly, we affirm the grant of summary judgment in favor of Old United.

**CONCLUSION**

¶14 We affirm the judgment of the superior court. Old United seeks an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 12–341.01. In the exercise of our discretion, we grant that request and will award Old United its reasonable attorneys' fees and taxable costs upon

compliance with ARCAP 21.  *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 261, ¶ 27 (App. 1998).



Ruth A. Willingham · Clerk of the Court
FILED: ama